IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT R. CARL, <br> SPN #00286511, <br><br> Plaintiff, <br><br> v. <br><br> 174TH CRIMINAL DISTRICT COURT, et al., <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-18-0637 |

## MEMORANDUM AND ORDER

The plaintiff, Robert R. Carl (SPN #00286511), has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with state court criminal charges that are pending against him. Because Carl is a prisoner who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act the ("PLRA") to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

I.  **BACKGROUND**

Carl was arrested in October of 2017, and charged with assault on a family member.[1] Public records reflect that those charges are pending against him in the 174th District Court of Harris County, Texas, pursuant to an indictment in Cause No. 1567696.[2] Carl has filed this lawsuit against the judge who presides over the 174th District Court and the prosecutors employed by the Harris County District Attorney's Office, concerning the criminal proceedings that are pending against him.[3] Carl claims that he has been denied effective assistance of trial and the right to act as co-counsel on his own behalf.[4] He claims further that he has been denied an examining trial to prove his innocence and that he is "illegally confined" as the result of "official oppression" and violations of due process.[5]

---

[1]  Complaint [Doc. # 1], at 4.

[2]  *See* Harris County District Clerk's Office website, located at http://www.hcdistrictclerk.com (last visited June 26, 2018).

[3]  Complaint [Doc. # 1], at 3.

[4]  *Id.* at 4.

[5]  *Id.*

Carl seeks compensatory damages in the amount of $ 1 million under 42 U.S.C. § 1983 for the violation of his civil rights.[6] Carl also asks this Court to intervene and dismiss all the charges pending against him.[7]

## II. DISCUSSION

Carl cannot recover damages from the 174th District Court for Harris County or the presiding judge in connection with the criminal proceedings referenced in the complaint. It is well established that judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity may be overcome only by showing that the actions complained of were non-judicial in nature or were taken in the complete absence of all jurisdiction. *See id.* at 11-12. Because all of Carl's contentions take issue with rulings that are judicial in nature, he fails to overcome the state court's entitlement to immunity.

For the same reason, Carl cannot recover damages from the Harris County District Attorney's Office or any of the prosecutors assigned to his case. Prosecutors

---

[6]   *Id.*

[7]   *Id.*

3

are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). To the extent that Carl's claims relate to the prosecution of the charges against him during his state court criminal proceedings, the Court must dismiss his claims for seeking monetary relief from defendants who are immune from such relief.

In addition, to the extent that Carl asks this Court to intervene in an ongoing criminal proceeding and dismiss the charges against him, his claims are barred by the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), which holds that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir. 1984). Carl does not allege facts showing that exceptional circumstances are present or that federal court intervention is otherwise warranted. For this additional reason, the complaint must be dismissed.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by the plaintiff, Robert R. Carl, is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this order to the parties.  **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on June 26, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE